UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Civil Action No.    2:20-cv-14450

VIRGINIA EBANKS,

    Plaintiff,

v.

CAPITAL MANAGEMENT SERVICES, L.P.,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** Plaintiff, VIRGINIA EBANKS, through her undersigned counsel, complaining of Defendant, CAPITAL MANAGEMENT SERVICES, L.P., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. VIRGINIA EBANKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. CAPITAL MANAGEMENT SERVICES, LP ("Defendant") is a limited partnership organized and existing under the laws of the state of New York.

8. Defendant maintains a principal place of business at 698 ½ S. Ogden Street, Buffalo, New York 14206

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. At some point, Plaintiff applied and was approved for a Visa Apple Rewards credit card, which was issued through Barclays Bank Delaware.

12. Due to unforeseen financial difficulties, Plaintiff was unable to stay current on her obligation to Barclays Bank Delaware.

13. Upon information and belief, at the time that Plaintiff fell into default with Barclays Bank Delaware she owed approximately $4,687.44 ("subject debt").

14. Plaintiff's $4,687.44 balance is a "debt" as defined by 15 U.S.C. §1692a(5).

15. Plaintiff's $4,687.44 balance – once unpaid – was referred for collection.

16. Defendant mailed Plaintiff a letter, dated November 23, 2020 (the "Letter"), which stated:

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317



Reference# 107909957

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-800-355-3293, Fax: 716-512-6046
For Telecommunications Relay Service, Dial 711
Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: Barclaycard VISA Apple Rewards
Account #: 4481
AMOUNT ENCLOSED: _____
Amount of Debt: $4687.44

4552 T19 P1******AUTO**MIXED AADC 140
Virginia Ebanks
2073 SE LENNARD RD APT 310
PORT SAINT LUCIE, FL 34952-4756

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

Dear Virginia Ebanks:

November 23, 2020

This company has been engaged by BARCLAYS BANK DELAWARE to resolve your delinquent debt of $4687.44.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317. Please submit your payment and make the check or money order payable to Capital Management Services, LP to the above address. You may also make payments online at: www.cms-trans.com.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The Letter misled Plaintiff as it stated that the "amount of debt" but did not disclose the balance may increase because of interest.

19. Defendant's use of the term "amount of debt" requires Defendant to disclose that the total amount due may increase because of interest.

20. Plaintiff believed from reading the Letter that the total due was "static" and a payment of $4,687.44 would satisfy Plaintiff's debt irrespective of when Plaintiff's payment was remitted.

21. Upon information and belief, Plaintiff's balance was not "static" and was subject to potentially increase.

## DAMAGES

22. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information goes to the heart of the FDCPA.

23. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

24. Being provided with misleading information is a concrete harm under the FDCPA. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

25. Furthermore, the lack of clarity regarding the amount owed impacted Plaintiff's decision to make a payment on the subject debt.

26. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

27. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

28. Section 1692e(2)(a) provides:

> A debt collector may not use any false, deceptive, or misleading representations of means in connection with the collection of any debt including the false representation of the character, amount or legal statues of any debt.

29. Defendant violated 15 U.S.C. §1692e(2)(a) by sending the Letter that stated Plaintiff's outstanding balance, but did not disclose that the balance may increase due to interest and fees.

30. Plaintiff read the Letter and was misled into believing that she could pay her debt in full by paying the amount listed on the Letter.

31. In fact, however, if interest was accruing daily, a consumer who pays the current balance stated on the collection notice would not know whether the debt has been paid in full.

32. In other words, Defendant could still seek the interest that accumulates after the Letter was sent but before the balance was paid, or sell the Plaintiff's debt to a third party, which itself could seek the interest and fees from Plaintiff.

**Violation(s) of 15 U.S.C. § 1692g**

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1) **the amount of the debt;**

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

35. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

36. Specifically, Defendant violated §1692g(a)(1) by failing to identify the proper amount of the debt owed.

37. The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

38. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(2)(a) and g pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

   (1) any actual damage sustained by such person as a result of such failure;

   (2)
       (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692e(2)(a) and g;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. §1692k(a)(1);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action including expenses together with reasonable attorney's fees as determined by this Court pursuant to 15 U.S.C. §1692k(a)(3); and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 14, 2020　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　**VIRGINIA EBANKS**

　　　　　　　　　　　　　　　　　By: /s/ *Alexander J. Taylor*

　　　　　　　　　　　　　　　　　Alexander J. Taylor, Esq.
　　　　　　　　　　　　　　　　　Florida Bar No. 1013947
　　　　　　　　　　　　　　　　　SULAIMAN LAW GROUP, LTD.
　　　　　　　　　　　　　　　　　2500 South Highland Avenue
　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　+1 630-575-8181
　　　　　　　　　　　　　　　　　ataylor@sulaimanlaw.com